UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SABRINA NOVICK,

                                                  Plaintiff,

    -against-

THE CITY OF NEW YORK; DETECTIVE
STEPHEN MCAINJOHN, JOHN and JANE DOE
N.Y.C. POLICE OFFICERS 1-4

                                        Defendants.
------------------------------------------------------------------X

COMPLAINT
INDEX NO.:
(   )(   )

PLAINTIFF DEMANDS TRIAL
BY JURY

Sabrina Novick, (hereinafter "plaintiff" unless otherwise specified), by her attorney, Harold C. Baker, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against The City of New York, (hereinafter "City of New York"), Detective Stephen Mcainjohn and John and Jane Doe N.Y.C. Police Officers 1-4 (hereinafter "Defendant Police Officers") who are police officers and employees of the New York City Police Department, (hereinafter "the NYPD"), and/or supervisors of Detective Mcainjohn who participated in the wrongful seizure, detention, and arrest of plaintiff, and the seizure and retention of plaintiff's cellular telephone arising out of the false arrest, filing of false reports regarding, and false imprisonment of plaintiff and also arising out of the defendants' failure to intervene and prevent the wrongful, seizure, detention and arrest of plaintiff and wrongful and illegal seizure and retention of plaintiff's cellular telephone.

1

Case 1:19-cv-06795-PKC-ST   Document 1   Filed 12/03/19   Page 2 of 13 PageID #: 2

2. It is alleged that on September 12, 2018 at approximately 4:40 p.m., the police officer defendants, employees of the City of New York, individually and as supervisory employee(s) of the NYPD, and as agents, servants and/or employees of the NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiff to, inter alia, wrongful and false seizure, search and arrest, false imprisonment, detention, battery, seizure of plaintiff's property and the filing of false reports against plaintiff for acts of which plaintiff was innocent and the failure to intervene and stop the wrongful and false assault, seizure, search, arrest, and imprisonment of plaintiff. Defendants acts caused plaintiffs to suffer physical and emotional injuries. Plaintiff was released from police custody from the 111th Police Precinct at approximately 5:30 pm on September 12, 2018 at which time Detective Mcainjohn threatened to come to plaintiff's residence and arrest her in the future.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff, was and still is a resident of the City and State of New York residing at 73-51 Bell Blvd., #3A, Oakland Gardens New York, 11364. At all times relevant and material herein, the defendant City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. At all times relevant and material herein, Detective Mcainjohn and John and Jane Doe Police Officers 1-4 were employees of the New York City Police Department of the City of New York.

5. At all times relevant and material herein, the police officer defendants were personnel of the NYPD and of defendant City of New York.

## JURSIDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of The United States.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.SC. § 1983. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367.

8. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

9. On December 4, 2018, within 90 days following the unlawful arrest of plaintiff arising from this incident, plaintiff filed a written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

10. A hearing pursuant to GML 50-H was conducted on March 4, 2019.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

11. Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

12. At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

13. The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

14. Detective Mcainjohn, and the other police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

15. Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

16. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

17. In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

18. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

19. At all times mentioned herein, the defendants' acts constituted state action.

20. On September 12, 2018, the police officer defendants, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiff.

21. At approximately 7:40 p.m., Detective Mcainjohn and John and Jane Doe Police Officers 1-4, tricked plaintiff into coming to the 111th precinct ostensibly to assist in their investigation of thefts of delivery packages from plaintiff's building. Upon arrival at the precinct, Detective Mcainjohn lead plaintiff into an interrogation room, with one way in, no windows and just a desk and chairs, took plaintiff's cell phone and locked her inside against her will. Thereafter, without reading her Miranda warnings, Detective Mcainjohn aggressively interrogated plaintiff, yelled at plaintiff and accused plaintiff of having perpetrated the thefts of the packages herself and attempted to coerce plaintiff into a self incriminating statement. When plaintiff attempted to leave the room, Detective Mcainjohn prevented her from doing so. Plaintiff began to suffer from a panic attack and began to hyperventilate. Detective Mcainjohn continued interrogating plaintiff and continued to accuse plaintiff of being the perpetrator in the thefts and threatened plaintiff and demanded that plaintiff confess. Plaintiff experienced severe shortness of breath, rapid heartbeat and felt as if she was about to have a heart attack. After becoming physically and visibly ill, Detective Mcainjohn ultimately released plaintiff from the interrogation room, cajoling and berating her as he lead her out of the precinct and threatening to return to her residence and arrest her once he developed additional evidence of her guilt in the

thefts. Plaintiff was overwhelmed with anxiety, fear, and was physically ill, nauseous and about to vomit. Detective Mcainjohn's actions caused physical, mental and emotional injury to plaintiff as well as deprived plaintiff of her personal liberty with no evidence whatsoever to justify such deprivation.

22. At the time of the illegal seizure, detention and arrest of plaintiff by the defendants, plaintiffs was not engaged in any criminal behavior.

23. All of the above actions were committed by the defendants against plaintiff despite the fact that plaintiff had committed no crime and without just, reasonable, lawful or proper cause to seize, arrest, search, detain and interrogate and/or prosecute plaintiff.

24. At no time herein did any plaintiff ever act in an unlawful or disorderly fashion. At no time did plaintiff act in any way, fashion or manner which justified seizing and/or detaining plaintiff, and/or holding plaintiff against her will in a locked interrogation room after having taken plaintiff's cell phone from her or interrogating and accusing plaintiff or attempted to coerce an incriminating statement from plaintiff.

25. Plaintiff suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on her, and unlawful detention. Plaintiff will be required to receive medical treatment and psychological support for their trauma. This has caused plaintiff to be damaged in the sum of One Million Dollars ($1,000,000.00).

26. Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly stopped, detained and arrested plaintiff in violation of the fourth amendment of the Constitution, when, in fact, plaintiff had committed no crime.

27. Upon information and belief, the police officer defendants, and other officers, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, searched, and arrested plaintiff when it was not right, just, lawful, proper, or necessary to do so.

28. Defendant Mcainjohn, and John and Jane Doe police officers 1-4, employees of the NYPD, and other officers, and their supervisors, acted in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, by tricking plaintiff into coming to the 111th precinct under false pretenses, then seizing and detaining and unlawfully imprisoning plaintiff and seizing her property. The actions of defendants Mcainjohn and John and Jane Doe officers 1-4 constituted an arrest for purposes of the Fourth amendment.

29. The arrest of plaintiff by the individual police officer defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

30. Defendants acted maliciously and intentionally.

31. Plaintiff was thereupon and thereafter detained and restrained of her liberty and freedom, without her consent, on account of the unlawful and wrongful acts of the defendants, and was confined in an NYPD police precinct.

32. At the time of her unlawful seizure, plaintiff had not and was not violating any laws, or committing any crime.

33. Plaintiff was never charged with any crime in relation to the incident.

34. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

> Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

Physical injury, embarrassment, humiliation, loss of liberty, anxiety, emotional distress and mental anguish.

35. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
## (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

36. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

37. Defendants, acting in concert and under the color of state law, deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

38. As a result thereof, plaintiff claims damages for the injuries set forth above.

## SECOND COUNT
## (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

39. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

40. Upon taking plaintiff's cellular telephone, putting plaintiff in a windowless interrogation room and locking plaintiff inside, and threatening plaintiff, the police officer defendants, acting in concert, made plaintiff fear for her physical well-being and safety and placed her in apprehension of death, and/or immediate harmful and/or offensive touching by, among other things, taking plaintiff's phone and forcing plaintiff to undergo an aggressive interrogation while physically detained in a locked room.

41. The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiffs' rights under the Constitution.

42. The said assault and battery caused plaintiffs personal injury and damage, both physical and mental; and severe emotional distress and illness.

43. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## THIRD COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

44. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

45. The defendants arrested, detained and imprisoned plaintiff without warrant or probable cause, even though they knew or should have known that plaintiff was wholly innocent of any crime then and there alleged against her, and thus violated plaintiffs' Constitutional rights.

46. As a result thereof, plaintiff claims damages for the injuries set forth above.

## FOURTH COUNT
### (COMMON LAW ASSAULT)

47. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

48  The defendants are liable for assault to plaintiff.

49. As a result thereof, plaintiff claims damages for the injuries set forth above.

## FIFTH COUNT

### (COMMON LAW BATTERY)

50. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

51. The defendants are liable for battery to plaintiff.

52. As a result thereof, plaintiff claims damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

53. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

54. The defendants are liable for false arrest and false imprisonment to plaintiff.

55. As a result thereof, plaintiff claims damages for the injuries set forth above.

## SEVENTH COUNT
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

56. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

57. The defendants' conduct in yelling at plaintiff during the interrogation, threatening plaintiff, assaulting, battering and falsely seizing, detaining, searching, arresting and imprisoning plaintiff and seizing plaintiff's telephone was outrageous, shocking and exceeded all reasonable bounds of decency.

58. The defendants are liable for intentional infliction of emotional distress to plaintiff.

59.     As a result thereof, plaintiff claims damages for the injuries set forth above.

## EIGHTH COUNT
## (NEGLIGENT INFLICTION OF
## EMOTIONAL DISTRESS)

60.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61.     The defendants' conduct, in assaulting, battering and falsely seizing, searching detaining, arresting and imprisoning plaintiff was careless and negligent as to the emotional health of plaintiff.

62.     The defendants are liable for negligent infliction of emotional distress to plaintiff.

63.     As a result thereof, plaintiff claims damages for the injuries set forth above.

## NINTH COUNT
## (COMMON LAW NEGLIGENCE)

64.     Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65.     The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning plaintiff and wrongly seizing plaintiff's telephone.

66.     Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

67.     As a result thereof, plaintiff claims damages for the injuries set forth above.

## TENTH COUNT
### (FAILURE TO INTERVENE)

68. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69. The defendants are liable to plaintiff for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, search, detention and arrest of plaintiff and the seizure of plaintiff's telephone.

70. Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

71. As a result thereof, plaintiff claims damages for the injuries set forth above.

## JURY DEMAND

72. Plaintiff demands a trial by jury.

**WHEREFORE,** plaintiff, demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of One Million ($1,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

DATED: Brooklyn, New York
December 2, 2019

Yours,

HAROLD BAKER, ESQ. (hb2179 )

By: _____
Harold C. Baker, Esq.,
Attorney for Plaintiff Sabrina Novick

12

32 Court Street, Suite 408
Brooklyn, New York
(718) 858-7927